UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Christina Wiggins,<br><br>　　　Plaintiff,<br><br>v.<br><br>Netflix, Inc.<br><br>　　　Defendant. | Civil Action No.: 2:24-cv-05643-MEF-MAH<br><br>[Removal from the Superior Court of New Jersey, Hudson County, Case No.: HUD-L-001160-24] |

**CERTIFICATION OF PATRICE E. LETOURNEAU, ESQ.**

I, Patrice LeTourneau of full age, hereby certify as follows:

1. I am an attorney at law of the State of New Jersey at the law firm of Duane Morris LLP, attorneys for Defendant Netflix, Inc. in the above-captioned action.

2. Exhibit 1, attached hereto, is a true and correct copy of Plaintiff Christina Wiggins's Complaint, which was served upon Netflix, Inc. in Delaware.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

　　　　　　　　　　　　　　　　　　　　　*s/Patrice E. LeTourneau, Esq.*
　　　　　　　　　　　　　　　　　　　　　Patrice E. LeTourneau, Esq.

Dated: May 2, 2024

DM2\19574900.1

# EXHIBIT 1

ZEFF LAW FIRM LLC
Gregg L. Zeff, Esquire, #042531988
Eva C. Zelson, Esquire, #153832015
Derek J. Demeri, Esquire, #363922021
100 Century Parkway
Mt. Laurel, NJ  08054
(856) 778-9700 (t)
(856) 702-6640 (f)
ezelson@glzefflaw.com                                                        *Attorneys for Plaintiff*

| | |
|---|---|
| CHRISTINA WIGGINS<br><br>*Plaintiff,*<br><br>v.<br><br>NETFLIX, INC.<br>1209 Orange Street<br>Wilmington, DE 19801<br><br>AND<br><br>JOHN DOE(S)<br><br>AND<br><br>ABC COMPANY(IES)<br><br>*Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br><br><br>CIVIL ACTION NO.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

    This case tells the story about how Defendant Netflix, Inc. treats employees who grow their families. Plaintiff Christina Wiggins was a successful, high earning professional at Netflix until she became pregnant. After the birth of Christina's first child, Netflix excluded her from any effective and meaningful engagement with her team. This treatment only worsened when Christina followed Netflix's policies by complaining about the discrimination. The complaint of

1

discrimination did not protect Christina, and instead just led to her work environment becoming worse.

Unfortunately, Netflix did not stop there. When Christina had a miscarriage, Netflix terminated her employment the same *week* she returned to the office following her devastating loss. Christina tried to do everything right, but Netflix punished her for her pregnancy, discrimination complaint and miscarriage by firing her amidst one of the worst moments of her life. Any employee would deserve better, especially an employee who had dedicated herself for five years to one of the richest companies in the world. Christina now opposes this unlawful termination and brings claims for violations of the New Jersey Law Against Discrimination against Defendant Netflix, Inc.

## **PARTIES**

1. Plaintiff Christina Wiggins ("Plaintiff") is a former employee of Netflix, Inc. and resides in New Jersey.

2. Defendant Netflix, Inc. ("Defendant") is a global streaming service with annual revenues of over thirty billion dollars and over twelve thousand employees.

3. Defendant is headquartered in Los Angeles, California and incorporated in Delaware with an agent of service address at 1209 Orange Street, Wilmington, DE 19801.

4. Defendant was Plaintiff's employer during all times relevant herein.

5. Defendant is an "employer" within the definition of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-5.

6. Defendant(s) John Doe(s) and ABC Company(ies) are Defendant(s) whose identities are currently unknown.

2

7. Defendant(s) John Doe(s) and Company(ies) discriminated and/or retaliated against Plaintiff and/or aided and abetted said discrimination and/or retaliation.

## JURISDICTION AND VENUE

8. Jurisdiction is properly laid in this Court as Defendant is subject to personal jurisdiction in the state of New Jersey.

9. Moreover, Plaintiff's causes of action arise out of Defendant's acts and/or omissions, which occurred in Hudson County, New Jersey.

## STATEMENT OF FACTS

10. Plaintiff began working for Defendant in or around 2019.

11. From May 2020 through her termination in February 2024, Plaintiff worked exclusively from her home in Hudson County, New Jersey.

12. During the entirety of her employment with Defendant, Plaintiff was qualified for her position and performed well.

13. Plaintiff was never subjected to any disciplinary action during her employment with Defendant, and was frequently praised for her performance.

14. In or around July 2022, Plaintiff took maternity leave due to the birth of her first child.

15. Plaintiff returned from maternity leave in July 2023.

16. Upon her return to work in July 2023, Plaintiff began to be treated poorly compared to her coworkers.

17. Specifically, after Plaintiff's return from maternity leave, an entire month passed before anyone on her team even had a one-on-one conversation with her, despite Plaintiff's repeated requests for same. The other employees on Plaintiff's team had one-on-one conversations weekly.

3

18. Relatedly, upon her return, Plaintiff was excluded from the team Slack chat for almost two months.

19. Most egregiously, during Plaintiff's leave, Defendant had implemented a new system to track finances, which was a core part of Plaintiff's job. Upon Plaintiff's return, Defendant refused to train Plaintiff on the new system or even discuss it with her.

20. In or around September 2023, Plaintiff advised her manager, Sarah Semlear ("Semlear") that Plaintiff and her husband were trying to have another child.

21. After this, Defendant's harassment of Plaintiff worsened.

22. In or around October 2023, Semlear made false and damaging statements about Plaintiff.

23. Despite this differential treatment, Plaintiff was still able to perform well, even earning a merit-based pay raise in early October 2023.

24. On October 23, 2023, Plaintiff made a complaint to Defendant's Human Resources Department.

25. Plaintiff specifically advised that she was being subjected to discrimination on the basis of her former pregnancy and leave.

26. Defendant's Human Resources Department claimed that it would try to remediate the situation by facilitating communication between Plaintiff and Semlear.

27. Semlear refused to participate in the process set out by Human Resources, and Human Resources did not follow-up with Semlear.

28. Following this, Semlear continued to harass Plaintiff, and stopped holding professional development meetings with Plaintiff.

29. Further, in group meetings, Semlear gave Plaintiff almost no time to speak compared to her coworkers.

30. Plaintiff had so little time to speak, in fact, that a manager above Semlear, Elizabeth Ash ("Ash") advised Plaintiff to "speak like an auctioneer" to try to relay the necessary information about her work.

31. On December 13, 2023, Plaintiff relayed a second complaint of discriminatory treatment, this time to Ash.

32. Ash confirmed that Plaintiff's performance was strong, and that Plaintiff was not in a "feedback cycle", which is a disciplinary process at Defendant that is a done before terminating an employee.

33. On January 29, 2024, Plaintiff suffered a miscarriage.

34. Plaintiff immediately informed Ash of her miscarriage.

35. Due to her miscarriage, Plaintiff took a week off from work, returning on February 5, 2024.

36. Defendant perceived this miscarriage is a disability and/or related to a disability.

37. On the day she returned to work, Plaintiff advised Semlear of her miscarriage.

38. That day, Semlear spoke with Plaintiff about some invoices that were supposedly incorrect. Most of the invoices were from when Plaintiff was on maternity leave, and many others did not actually include mistakes made by Plaintiff. On February 8, 2024, Ms. Wiggins advised Semlear of these facts.

39. On February 9, 2024, Defendant terminated Plaintiff's employment for discriminatory and retaliatory reasons.

## COUNT I
## N.J.S.A. 10:5-1 et seq.
## PREGNANCY DISCRIMINATION: UNEQUAL AND/OR UNFAVORABLE TREATMENT

40. Plaintiff repeats and re-alleges each and every allegation set forth in the

5

preceding paragraphs of the Complaint as if fully set forth herein.

41. By and through its course of conduct as alleged herein, Defendant discriminated against Plaintiff by and terminating her on the basis of her pregnancy, miscarriage and/or expected pregnancy.

42. Defendant's conduct was intentional, deliberate, willful, and conducted in callous disregard of the protected rights of Plaintiff.

43. Defendant subjected Plaintiff to adverse employment actions by, among other things, terminating her.

44. Defendant had no legitimate, nondiscriminatory reason for its actions

45. As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer severe harm, and is entitled to all legal and equitable remedies available under the NJLAD, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages, in amounts to be determined at trial.

46. Plaintiff is further entitled to an award of reasonable attorney's fees and costs and any other relief that this court deems just and proper under the circumstances.

**COUNT II**
**N.J.S.A. 10:5-1 et seq.**
**PREGNANCY DISCRIMINATION: UNLAWFUL PENALIZATION**

47. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

48. By and through its course of conduct as alleged herein, Defendant discriminated against Plaintiff by penalizing her on the basis of her pregnancy and/or for requesting an accommodation of pregnancy-based leave.

6

49. Defendant's conduct was intentional, deliberate, willful, and conducted in callous disregard of the protected rights of Plaintiff.

50. Defendant had no legitimate, nondiscriminatory reason for its actions

51. As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer severe harm, and is entitled to all legal and equitable remedies available under the NJLAD, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages, in amounts to be determined at trial.

52. Plaintiff is further entitled to an award of reasonable attorney's fees and costs and any other relief that this court deems just and proper under the circumstances.

## COUNT III
## N.J.S.A. 10:5-1 et seq.
## RETALIATION

53. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

54. By and through its course of conduct as alleged herein, Defendant retaliated against Plaintiff by terminating her in retaliation for Plaintiff's complaints of discrimination and/or for Plaintiff taking maternity leave.

55. Defendant's retaliation for Plaintiff's discrimination complaints and/or for taking maternity leave violates the NJLAD.

56. Defendant's conduct was intentional, deliberate, willful, and conducted in callous disregard of the protected rights of Plaintiff.

57. Defendant subjected Plaintiff to an adverse employment action by terminating her.

58. As a direct and proximate result of Defendant's illegal retaliation, Plaintiff has suffered and will continue to suffer severe harm, and is entitled to all legal and equitable remedies available under the NJLAD, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages, in amounts to be determined at trial.

59. Plaintiff is further entitled to an award of reasonable attorney's fees and costs and any other relief that this court deems just and proper under the circumstances.

## COUNT IV
## N.J.S.A. 10:5-1 et seq.
## DISABILITY DISCRIMINATION

60. Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

61. Plaintiff was perceived by Defendant to be a person with a disability.

62. By and through its course of conduct as alleged herein, Defendant discriminated against Plaintiff by terminating her employment on the basis of her perceived disability.

63. Defendant's conduct was intentional, deliberate, willful, and conducted in callous disregard of the protected rights of Plaintiff.

64. Defendant subjected Plaintiff to adverse employment actions by terminating her.

65. Defendant had no legitimate, nondiscriminatory reason for its actions

66. As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer severe harm, and is entitled to all legal and equitable remedies available under the NJLAD, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages, in amounts to be determined at trial.

67. Plaintiff is further entitled to an award of reasonable attorney's fees and costs and any other relief that this court deems just and proper under the circumstances.

## COUNT V
## N.J.S.A. 10:5-1 et seq.
## HOSTILE WORK ENVIRONMENT: PREGNANCY

68. Plaintiff incorporates the preceding paragraphs of this Complaint, as if the same were set forth herein at length.

69. Defendant violated the NJLAD by creating a hostile work environment for Plaintiff on the basis of her pregnancy, miscarriage and/or anticipated pregnancy, as described in the preceding paragraphs.

70. As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer severe harm, and is entitled to all legal and equitable remedies available under the NJLAD, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages, in amounts to be determined at trial.

71. Plaintiff is further entitled to an award of reasonable attorney's fees and costs and any other relief that this court deems just and proper under the circumstances.

/s/*Eva C. Zelson, Esq.*
Eva C. Zelson, Esq.
Gregg L. Zeff, Esq.
Derek J. Demeri, Esq.
*Attorneys for Plaintiff*

Dated: March 25, 2024

9